UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>CITY & NATIONAL EMPLOYMENT<br><br>    Defendant. | Civil Action No. CV06-2049-LRR<br><br>**COMPLAINT**<br>(Jury Trial Demand) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief for Lauren A. Steffen, who was adversely affected by such practices. As stated with greater particularity in paragraph eight (8) below, Plaintiff, United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant, City & National Employment ("City & National"), discriminated against Lauren A. Steffen because of her sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Iowa, Eastern Division.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times City & National has continuously been a company doing business in the State of Iowa, and has continuously had at least 15 employees.

5. At all relevant times City & National has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times City & National has been an employment agency within the meaning of Section 701(c) of Title VII, § 42 U.S.C. 2000e(c).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the commencement of this lawsuit, Lauren A. Steffen filed a charge with EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least April of 2005, City & National has engaged in unlawful employment practices in violation of Sections 703(a) and (b) of Title VII, 42 U.S.C. §§2000e-2(a) and (b) by engaging in discriminatory hiring practices when it refused to refer Lauren A. Steffen to a certain type of job because of her sex.

9. The effect of the practice(s) complained of in paragraph eight (8) above has been to deprive Lauren A. Steffen of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. The unlawful employment practices complained of in paragraph eight (8) above were intentional.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining City & National, and its officers, agents, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

B. Order City & National to institute and carry out policies, practices, and programs which provide equal employment opportunities for Lauren A. Steffen, and which eradicate the effects of its past and present unlawful employment practices;

C. Order City & National to make Lauren A. Steffen whole by providing appropriate back-pay, job search expenses and relocation expenses, if applicable, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place instatement;

D. Order City & National to make Lauren A. Steffen whole by compensating her for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph eight (8) above, including injury to professional reputation, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Grant such further relief as the Court deems necessary and proper in the public interest; and

F. Award EEOC its costs in this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

Dated: June 29, 2006

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

  /s/ John Hendrickson
John Hendrickson
Regional Attorney

  /s/ Rosemary J. Fox
Rosemary J. Fox
Supervisory Trial Attorney

  /s/ Deborah J. Powers
Deborah J. Powers
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2992
(414) 297-3983

4